## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| **GWEN BUTLER** ) | CASE NO.: |
| 2254 Smokewood Drive ) | |
| Mansfield, Ohio 44903 ) | JUDGE: |
| ) | |
| and ) | |
| ) | |
| **DOUGLAS LINDSAY** ) | |
| 550 Earick Road ) | |
| Mansfield, Ohio 44903 ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| **GERMAN HOME SOCIETY, INC.** ) | **COMPLAINT** |
| c/o Statutory Agent Gaydine Maki ) | **(Jury Demand Endorsed Herein)** |
| 416 Orange Street ) | |
| Mansfield, Ohio 44902 ) | |
| ) | |
| and ) | |
| ) | |
| **DZUGAN REAL ESTATE SERVICES, LLC** ) | |
| c/o Statutory Agent Joseph A. Dzugan ) | |
| 204 N. Seltzer Street ) | |
| Crestline, Ohio 44827 ) | |
| ) | |
| and ) | |
| ) | |
| **BRONIS V. EDEN** ) | |
| c/o Dzugan Real Estate Services, LLC ) | |
| 204 N. Seltzer Street ) | |
| Crestline, Ohio 44827 ) | |
| ) | |
| Defendants. ) | |

## JURISDICTION AND VENUE

1. This action is brought pursuant to the provisions of the Civil Rights Act, 42 U.S.C. §§1981, 1982, and 1985(3) as one or more of the claims arise "under the Constitution, laws, or treaties of the United States." Jurisdiction is conferred upon this Court by 28 U.S.C. §1331.

2. Supplemental jurisdiction is invoked pursuant to 28 U.S.C. § 1367 as the state law claims are so related to the claims within which this Honorable Court has original jurisdiction "that they form part of the same case or controversy under Article III of the United States Constitution."

3. Venue is conferred under 28 U.S.C. § 1391 (b) as a substantial part of the events or omissions giving rise to the claims occurred in the Northern District of Ohio.

## PARTIES

4. Plaintiffs reincorporate by reference the allegations set forth above as if fully rewritten herein.

5. Plaintiff, Gwen Butler ("Butler"), is an African American female who resides in Richland County, State of Ohio.

6. Plaintiff, Douglas Lindsay ("Lindsay"), is an African American male who resides in Richland County, State of Ohio.

7. Defendant, German Home Society, Inc. ("GHS") is a corporation duly registered to transact business in Ohio. Its principal place of business is 416 Orange Street, Mansfield, Ohio 44905. Its registered agent for service of process in Ohio is Gaydine Maki, 416 Orange Street, Mansfield, Ohio 44905.

8. Defendant, Dzugan Real Estate Services, LLC ("Dzugan") is a limited liability company duly registered to transact business in Ohio. Its principal place of business is 204 N. Seltzer Street Crestline, Ohio 44827. Its registered agent for service of process in Ohio is Joseph A. Dzugan, 204 N. Seltzer Street Crestline, Ohio 44827.

9. Defendant, Bronis V. Eden ("Eden"), is a real estate agent employed by Dzugan Real Estate Services, LLC.

## STATEMENT OF FACTS

10. Plaintiffs reincorporate by reference the allegations set forth above as if fully rewritten herein.

11. Gwen Butler and Douglas Lindsay are U.S. citizens and African Americans residing in Richland County, Mansfield, Ohio.

12. The Defendants, the German Home Society, Inc. (also known as Sons of Herman) of Mansfield, Ohio and other locations, on information and belief, are an all-white organization who owns property situated at 416 Orange Street, Mansfield, Ohio and 417 Orange Street, Mansfield, Ohio 44905.

13. On or about November 1, 2017, the Defendants GHS contracted with Co-Defendants Dzugan and Co-Defendant Eden to list on the open market property situated at 417 Orange Street, Mansfield, Ohio 44905.

14. The purchase price was advertised as $59,900.00.

15. On or about November 19, 2017, Defendants allowed Plaintiffs to tour the property.

16. 417 Orange Street, Mansfield, Ohio 44905 is, on information and belief, a commercial property used primarily as a recreation hall and rental center. Defendant GHS has its headquarters across the street at 416 Orange Street, Mansfield, Ohio 44905.

17. On or about November 27, 2017, Lindsay presented a Contract for Purchase – Residential to Defendants for $55,500. See Exhibit 1 attached and incorporated by reference as if fully rewritten herein. This document was prepared by Defendant Eden.

18. On or about November 30, 2017, Defendants, by and through its Trustee Deniece Jeffries, signed the Contract for Purchase – Residential with a counteroffer of $59,000 that Lindsay was required to accept or counter by December 2, 2017.

19. Thereafter, Lindsay countered with a purchase price of $57,500. Defendants, by and through its Trustee Deniece Jeffries, accepted the $57,500 offer.

20. Suddenly and abruptly, Defendants refused to honor the contract with Lindsay.

21. Eden contacted Lindsay via telephone and stated "We don't want to deal with you anymore."

22. The listing originally allowed the purchaser to buy the property via a conventional loan or cash. After Lindsay entered into the contract, Defendants changed the listing to cash only. See Exhibit 2 attached and incorporated by reference as if fully rewritten herein.

23. Defendants further took away the D5 liquor license in the original listing that was to be transferred to the buyer. See Exhibit 2 attached and incorporated by reference as if fully rewritten herein.

24. On or about December 18, 2017, Butler presented a "Contract for Purchase – Residential" to Defendants for $59,000 cash. See Exhibit 3 attached and incorporated by reference as if fully rewritten herein.

25. Defendants refused to contract, negotiate or acknowledge Butler's offer.

26. Defendants were aware of both Plaintiffs' race.

27. Plaintiffs state the reason for the denial of the contracts is because of Plaintiffs' race (i.e. African-American).

28. Defendants were aware that Plaintiffs had the available funds and were ready to purchase said property, but Defendants kept pushing the date back for Board approval. Board approval never came.

29. Instead, the Defendants sold said property to a White person for $56,500.

30. Defendants have a reputation for discrimination in the community.

31. Defendants failed to contract and or negotiate with the Plaintiffs because of Plaintiffs' race.

32. Plaintiffs further state that all the Defendants conspired to sell the property to a white person and denied Plaintiffs' opportunity to contract solely because of their race.

33. On January 18, 2018, counsel for Plaintiffs reached out to Eden for a copy of the sales contract for a successful bidder. Eden ignored such request.

## FIRST CAUSE OF ACTION
### (42 U.S.C. § 1981)

34. Plaintiffs reincorporate by reference the allegations set forth above as if fully rewritten herein.

35. Section 1981 provides that "all persons … shall have the same right … to make and enforce contracts … as is enjoyed by white citizens…." 42 U.S.C. 1981(a).

36. Plaintiffs are members of a protected class (i.e. African American).

37. Defendants intentionally discriminated against Plaintiffs by failing to honor the purchase contract for the real property located at 417 Orange Street, Mansfield, Ohio 44905 due to their race.

38. Defendants intentionally discriminated against Plaintiffs by refusing to sell the real property to them, but then selling it to a white individual for a lesser amount.

39. By failing to honor the purchase contract, Defendants unlawfully discriminated against Plaintiffs in (i) the formation of contracts, (ii) making, performance, modification, and termination of contracts, (iii) the enjoyment of all benefits, privileges, terms and conditions of the contractual relationship, and/or (iv) conduct that interferes with the right to establish and enforce contract obligations.

40. Defendant's actions violate 42 U.S.C. § 1981.

41. At no time have Defendants undertaken corrective action to ameliorate their racially discriminatory practices. Defendants continue to reap the profits of their discriminatory practices and continue to discriminate.

42. By the conduct described above, Defendants deprived Plaintiffs of the same rights as are enjoyed by white citizens to the creation, performance, enjoyment, and all benefits and privileges of their contractual relationship with Defendants, in violation of 42 U.S.C. § 1981.

43. As a proximate result of Defendants' violation of 42 U.S.C. § 1981, Plaintiffs have been injured and are entitled to damages or make whole equitable relief.

44. Defendants' conduct as alleged herein was intentional, willful, wanton, reckless, malicious, outrageous or otherwise aggravated beyond mere negligence.

45. Defendants acted with malice and reckless indifference to the federally protected rights of Plaintiffs. As a result, Plaintiffs are entitled to punitive damages.

46. **WHEREFORE**, Plaintiffs request that this Court award compensatory damages in the amount of $1,000,000.00, punitive damages in the amount of $500,000.00, future

pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, and other nonpecuniary losses, attorney fees, costs, and any other legal or equitable relief as this Honorable Court deems just and proper against all Defendants.

## SECOND CAUSE OF ACTION
### (42 U.S.C. § 1982)

47. Plaintiffs reincorporate by reference the allegations set forth above as if fully rewritten herein.

48. Section 42 U.S.C. § 1982 provides that all citizens of the United States "shall have the same right, in every State and Territory, as is enjoyed by White citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property."

49. Plaintiffs are members of a protected class (i.e. African American).

50. Defendants have discriminated against Plaintiffs with respect to purchasing the real property located at 417 Orange Street, Mansfield, Ohio 44905.

51. Defendants prevented Plaintiffs from purchasing the real property due to their race.

52. Defendants intentionally discriminated against Plaintiffs by refusing to sell the real property to them, but then selling it to a white individual for a lesser amount.

53. As a result of Defendants' conduct, Plaintiffs have not had the same right as Caucasians to inherit, purchase, sell, hold and convey real property. Defendants have thereby violated 42 U.S.C. § 1982.

54. Defendants' violation of 42 U.S.C. § 1982 was intentional and malicious.

55. As a proximate result of Defendants' violation of 42 U.S.C. § 1982, Plaintiffs have been injured and are entitled to damages or make whole equitable relief.

56. Defendants' conduct as alleged herein was intentional, willful, wanton, reckless, malicious, outrageous or otherwise aggravated beyond mere negligence.

57. Defendants acted with malice and reckless indifference to the federally protected rights of

    Plaintiffs. As a result, Plaintiffs are entitled to punitive damages.

58. **WHEREFORE**, Plaintiffs request that this Court award compensatory damages in the

    amount of $1,000,000.00, punitive damages in the amount of $500,000.00, future

    pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, and other

    nonpecuniary losses, attorney fees, costs, and any other legal or equitable relief as this

    Honorable Court deems just and proper against all Defendants.

## THIRD CAUSE OF ACTION
### (42 U.S.C. § 1985(3))

59. Plaintiffs reincorporate by reference the allegations set forth above as if fully rewritten

    herein.

60. Plaintiffs are members of a protected class (i.e. African American).

61. All Defendants conspired and committed malicious acts in furtherance of their conspiracy

    to deprive Plaintiffs of their civil rights under the law, depriving them of their rights and

    privileges granted to U.S. citizens.

62. Defendants conspired against Plaintiffs to deprive them of the equal protection of the

    laws by refusing to sell real property located at 417 Orange Street, Mansfield, Ohio

    44905 to them due to their race, but then selling it to a white individual for a lesser

    amount.

63. Defendants conspired to deprive Plaintiffs of equal protection under the law due to their

    race.

64. These actions violated 42 U.S.C. § 1985(3).

65. As a proximate result of Defendants' actions, Plaintiffs were injured as set forth above,

    and have suffered harm and mental anguish.

8

66. As a proximate result of Defendants' actions, Plaintiffs have been deprived of the ability to exercise rights and privileges of citizens of the United States.

67. **WHEREFORE**, Plaintiffs request that this Court award compensatory damages in the amount of $1,000,000.00, punitive damages in the amount of $500,000.00, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, and other nonpecuniary losses, attorney fees, costs, and any other legal or equitable relief as this Honorable Court deems just and proper against all Defendants.

**FOURTH CAUSE OF ACTION**
**(Breach of Contract)**

68. Plaintiffs reincorporate by reference the allegations set forth above as if fully rewritten herein.

69. On or about November 1, 2017, Defendants German Home contracted with Co-Defendants Dzugan Real Estate Services and Co-Defendant Boris V. Eden to list on the open market property situated at 417 Orange Street, Mansfield, Ohio 44905.

70. On or about November 27, 2017, Lindsay presented a Contract for Purchase – Residential to Defendants for $55,500. See Exhibit 1 attached and incorporated by reference as if fully rewritten herein.

71. On or about November 30, 2017, Defendants, by and through its Trustee Deniece Jeffries, signed the Contract for Purchase – Residential with a counteroffer of $59,000 that Lindsay was required to accept or counter by December 2, 2017.

72. Thereafter, Lindsay countered with a purchase price of $57,500. Defendants, by and through its Trustee Deniece Jeffries, accepted the $57,500 offer.

73. Suddenly and abruptly, Defendants refused to contract with Lindsay.

74. Eden contacted Lindsay via telephone and stated "We don't want to deal with you anymore."

75. The listing originally allowed the purchaser to buy the property via a conventional loan or cash. After Lindsay entered into the contract, Defendants changed the listing to cash only. See Exhibit 2 attached and incorporated by reference as if fully rewritten herein.

76. On or about December 18, 2017, Butler presented a Contract for Purchase – Residential to Defendants for $59,000 cash. See Exhibit 3 attached and incorporated by reference as if fully rewritten herein.

77. Defendants refused to negotiate or acknowledge Butler's contract.

78. Instead, the Defendants sold said property to a White person for $56,500.

79. Plaintiffs fully and properly performed all conditions, covenants, and acts required to be performed on their part in accordance with the terms and conditions of purchase contract.

80. Defendant failed to contract with Plaintiffs because of Plaintiffs' race.

81. Defendants' failure to honor the purchase contract with Plaintiffs, despite numerous demands, constitutes a material breach of their agreement with Plaintiffs.

82. As a result, Plaintiffs have suffered damages for which Defendants are liable.

83. Plaintiffs will show that Defendants acted in bad faith, vexatiously, wantonly, obdurately, and/or oppressively under Ohio law and will therefore seek to recover attorneys' fees.

84. **WHEREFORE**, Plaintiffs request that this Court award compensatory damages in the amount of $1,000,000.00, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, and other nonpecuniary losses, attorney fees, costs, and any other legal or equitable relief as this Honorable Court deems just and proper against all Defendants.

## <u>DEMAND FOR JURY TRIAL</u>

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs demand trial by

jury in this action of all issues so triable.


Respectfully submitted,

**EDWARD L. GILBERT CO., L.P.A.**


 /s/   Edward L. Gilbert
Edward L. Gilbert (0014544)
One Cascade Plaza, Suite 825
Akron, OH 44308
(330) 376-8855 Telephone
(330) 376-8857 Fax
egilbert@edwardlgilbert.com